(No. 11574.—Judgment affirmed.)

THE PEOPLE *ex rel.* William L. O'Connell, County Collector, Plaintiff in Error, *vs.* FREDERIC R. DEYOUNG *et al.* Defendants in Error.

*Opinion filed October 21, 1918.*

1. DRAINAGE—*question of benefits in farm drainage districts may be raised on collector's application for judgment.* A drainage assessment cannot exceed the benefits to the land, and the question whether the assessment exceeds the benefits may, in the case of farm drainage districts, be raised on the collector's application for judgment and order of sale.

2. SAME—*when land owner is not estopped to raise question of benefits.* The fact that a land owner in a farm drainage district has paid several installments of a drainage assessment and several intervening single assessments does not estop him to object, on application by the collector for judgment for a later installment, that the amount he has already paid on the various assessments exceeds the total benefits to his land from the improvement.

WRIT OF ERROR to the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

OTTO F. REICH, (GEORGE A. MASON, of counsel,) for plaintiff in error.

JOHN G. DRENNAN, and FREDERIC R. DEYOUNG, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county court of Cook county sustained objections of defendants in error to the application of the county collector of said county for judgment against and order of sale of defendants in error's land for failure to pay the first installment of assessment No. 5 of Calumet Union Drainage District No. 1 of the towns of Thornton and Bremen, in Cook county. The record has been brought to this court for review by writ of error.

The district was organized in 1905 under the Farm Drainage act of 1885 and the commissioners of said district have levied the following assessments: No. 1, September 6, 1905, divided into two installments, $35,000; No. 2, May 15, 1906, divided into ten installments, $42,000; No. 3, March 10, 1908, made in one installment, $30,000; No. 4, July 21, 1909, divided into two installments, $33,-428.62; No. 5, March 20, 1912, divided into two installments, $34,400. The first, third and fourth assessments and the first six installments of the second assessment had been paid at the time of the hearing of these objections to the first installment of the fifth assessment. Fifty-four objections in all were filed to the application for judgment, raising the question of benefits and certain legal objections. The court personally viewed the premises, heard additional evidence and sustained the objections.

Plaintiff in error contends the fifth assessment was levied pursuant to section 41 of the Farm Drainage act and

was for repairs, maintenance and new work and that the question of benefits was not involved, while defendants in error contend the assessment, as shown by the commissioners' resolution, was "for the purpose of completing the proposed work," and that no other reason appears in the drainage record, and that the proof clearly shows the objectors had already paid to the drainage district an amount of money in excess of what their respective lands would be benefited by the improvement or any extension thereof.

The resolution adopted by the commissioners for the fifth assessment provided, in substance, that for the purpose of completing the proposed work it is ordered that $34,400 be raised by special assessment upon the lands of the district as the same may be necessary, and that such sum be apportioned among and upon the lands of the district according to benefits, etc. This assessment was to be collected in two installments. The resolution mentions no new work or repairs proposed nor maintenance expense required, but is, with the exception of the amount of the assessment, almost identical with the fourth assessment, which it is not denied was levied for completing the drainage district. Neither does the drainage record show the fifth assessment was levied for repairs, new work or maintenance. The resolution, standing alone, as it does, appears to be for the completion of the drainage district. *People* v. *Schwartz,* (*ante,* p. 159,) involved an objection to judgment for a delinquent seventh installment of the second assessment against lands in this same district. It was there said, after setting out the dates and amounts of the five assessments, that they were all successively levied for the scheme of drainage originally planned and carried out.

We do not deem it necessary to treat all the objections. An assessment cannot exceed benefits derived and every land owner has the right to question whether an assessment against his land will exceed the benefits to be received, and under the Farm Drainage act his first opportunity to

do so is upon the application of the county collector for judgment against his land. *Havana Township Drainage District* v. *Kelsey,* 120 Ill. 482; *People* v. *Welch,* 252 id. 167; *People* v. *Burrall,* 258 id. 509; *People* v. *Schwartz, supra.*

One of the principal objections relied upon and urged by the objectors was that their lands had been assessed more than they were benefited. The court heard the testimony of witnesses upon this question, which differed widely, as is usual in cases of this character, and personally viewed the premises. The original or first assessment for the construction of the drainage system was $35,000, which, together with the four subsequent assessments, totals $174,828.62. We have read the testimony of the witnesses of both parties and cannot say the court erred in sustaining this objection. In our opinion the weight of the evidence supported the objection, and we would not be warranted in disturbing the judgment on the ground that it is contrary to the evidence. *Metropolitan West Side Elevated Railroad Co.* v. *Siegel,* 161 Ill. 638; *Birds Drainage District* v. *Cairo, Vincennes and Chicago Railway Co.* 257 id. 57; *Inlet Swamp Drainage District* v. *Anderson,* 257 id. 214.

It is also insisted defendants in error are estopped to object that their lands have been assessed more than they are benefited because they had paid the first four assessments, except the seventh installment of the second assessment; that during the time these assessments were being levied and collected they had opportunity to raise the question of benefits but did not do so and are therefore estopped. This is a misapprehension. *Havana Township Drainage District* v. *Kelsey, supra; People* v. *Schwartz, supra; People* v. *Welch, supra; Winkelmann* v. *Drainage District,* 170 Ill. 37; *People* v. *Brown,* 253 id. 578.

The judgment of the county court is affirmed.

*Judgment affirmed.*